UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:14-cv-01977-JMS-DML |
| GRAY TELEVISION, INC., | ) ) ) |
| Defendant. | ) |

## Report and Recommendation
## on Defendant's Motion to Dismiss or Transfer

Defendant Gray Television, Inc. (whose correct name, according to the defendant, is Gray Television Group, Inc.) moves to dismiss this case or, alternatively, to transfer it to the Western District of Louisiana because venue is not proper in the Southern District of Indiana. The court agrees with Gray Television that venue is not proper in this district, but finds that in the interest of justice, this matter should not be dismissed and should be transferred to the Northern District of Indiana.

Mr. Philpot's suit against Gray Television charges it with infringement of his copyright in a photograph he took in 2009 of entertainer Willie Nelson at a performance in Missouri. According to the complaint, and not challenged by the defendant, Gray Television owns and operates television stations across the country, including a station broadcasting out of Alexandria, Louisiana under the call letters KALB-TV. The station uses a website. Mr. Philpot alleges that his

photograph was displayed on the website for commercial purposes, including to promote the sale of tickets to a Willie Nelson concert in Louisiana.

## Analysis

**A.    Venue for civil copyright claims is governed by 28 U.S.C. § 1400(a).**

Venue for a civil copyright action is governed by 28 U.S.C. § 1400(a), which provides:

> (a)    Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found.

*See also Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas,* 134 S. Ct. 568 577 n.2 (2013) (Section 1400, and not the general venue statute at 28 U.S.C. § 1391, identifies the proper venue for copyright and patent suits).  A district where a defendant "resides" or "may be found" is a federal judicial district with which the defendant has contacts sufficient to render him amenable to personal jurisdiction there if the district were treated as its own separate state.  *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.,* 8 F.3d 441, 445-46 (7th Cir. 1993).  As explained in *Fjeld*:

> [S]ection 1400(a) requires district courts to consider a defendant's contacts with a particular judicial district in determining where that defendant may be found.  A defendant's amenability to personal jurisdiction must relate to the judicial district in which the court was filed to place venue there under section 1400(a). . . . The section 1400(a) inquiry must therefore focus on contacts with the particular federal district in which the copyright action has been filed.  It is not sufficient that [the defendant] would be subject to personal jurisdiction under the [forum state's] long-arm statute by virtue of contacts with another district in that state.

*Id.* This same principle applies to corporate defendants for purposes of the general venue statute, 28 U.S.C. § 1391. Section 1391 provides that a corporate defendant "resides" in any judicial district in which it is subject to the court's personal jurisdiction, § 1391(c)(2), though if the corporation is subject to personal jurisdiction in a state (like Indiana) that has more than one district, then the corporation is deemed to reside in only those districts of the state with which its contacts would be sufficient to subject it to personal jurisdiction if the districts were treated as separate states. 28 U.S.C. § 1391(d). *See also In re LimitNone, LLC,* 551 F.3d 572, 575 (7th Cir. 2008) (the definition of "reside" under the general venue statute may be used for that same term in the copyright venue statute).

Thus, venue is proper in the Southern District of Indiana only if defendant Gray Television has sufficient contacts with this district that would make it amenable to personal jurisdiction if this district were a separate state.

**B.     The Southern District is an improper venue.**

Mr. Philpot has not established that Gray Television has sufficient minimum contacts with the Southern District of Indiana. Other than noting that the television station's internet site could have been accessed by anyone, which is insufficient to establish personal jurisdiction,[1] Mr. Philpot does not claim that any

---

[1] An interactive website does not create personal jurisdiction in the states in which it may be viewed, and the subject web information was directed to consumers in Louisiana to promote their attendance at a concert in Louisiana. *Tamburo v. Dworkin,* 601 F.3d 693, 701 (7th Cir. 2010) (operation of a publicly available website does not establish general jurisdiction). Further, the fact that Mr. Philpot resides in the Southern District and suffered the "effects" of the defendant's alleged infringement here does not establish personal jurisdiction over the defendant in this

3

of the activities giving rise to his copyright infringement claims occurred in this district. The allegedly infringing act was a posting on the KALB-TV website. KALB-TV broadcasts in Louisiana, and the offending posting related to the promotion of a Willie Nelson concert to take place in Louisiana. Thus, there is no basis for a finding of specific personal jurisdiction as to the Southern District. *Tamburo v. Dworkin,* 601 F.3d 693, 702 (7th Cir. 2010) (for specific personal jurisdiction, "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction"). As a matter of general jurisdiction, Mr. Philpot does not claim that Gray Television has any offices or employees or regularly conducts business operations in the Southern District. *Id.* at 701 (general jurisdiction requires contacts that are so extensive and pervasive that they approximate physical presence).

Because Mr. Philpot is unable to show that Gray Television has sufficient minimum contacts with the Southern District to establish either general or specific personal jurisdiction, the court finds that the Southern District is an improper venue for this litigation.

C.  **Section 1406(a) governs where suit is filed in an improper venue.**

When venue is not proper in the filed district, 28 U.S.C. § 1406(a) gives the court two choices: It "shall dismiss, or if it be in the interest of justice, transfer such

---

district. *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 801 (7th Cir. 2014) (internal quotations and citations omitted) (Mere fact that defendant's conduct affected the plaintiff in the forum state does not "suffice to authorize jurisdiction." "For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum State.")

4

case to any district or division in which [the case] could have been brought." Gray Television urges dismissal but, if the court does not dismiss outright under section 1406(a), requests that a transfer be made to the Western District of Louisiana. Gray Television relies on 28 U.S.C. § 1404(a) factors (and case law applying section 1404(a)) to support transfer to the Western District of Louisiana.

Section 1404(a), which is a codification of the doctrine of *forum non conveniens,* permits a district court to transfer a case to another district if it finds that the "convenience of parties and witnesses" and the "interest of justice" justify a transfer. *See Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas,* 134 S. Ct. 568, 578-80 (2013). But section 1406(a) governs when venue is "wrong" or "improper" in the forum in which the case was brought—not section 1404(a). *Id.* Thus, the court must first determine whether it should dismiss or transfer. If the latter, it must determine where it should be transferred. And that determination is not controlled by section 1404(a).

The court finds that it is in the interest of justice to transfer this case to a district of proper venue, rather than to dismiss it. Mr. Philpot is a *pro se* litigant. Although he is becoming conversant with federal procedural and jurisdictional rules through the prosecution of his many copyright infringement suits,[2] he may not

---

[2] The court does not begrudge Mr. Philpot his use of litigation to protect his copyright in the Willie Nelson photograph. But he is expected to comply with venue and jurisdictional requirements and to learn from his mistakes. The court may not be so indulgent in the future to transfer, rather than to dismiss, cases for which this court is not a proper venue when Mr. Philpot reasonably should have known it was not.

5

reasonably have known that venue was not proper in the Southern District, even though it is proper in the other Indiana federal district court. In *pro se* cases, courts have tended to transfer, rather than dismiss, a case filed in an improper venue. *See Continental Ins. Co. v. M/V Orsula,* 354 F.3d 603, 608 (7th Cir. 2003) (in upholding dismissal, rather than transfer, under section 1406(a), court emphasized that the venue chosen by the plaintiff was "an obvious mistake made by a sophisticated party with representation"); *Farmer v. Levenson,* 79 Fed. Appx. 918, 923 (7th Cir. 2003) (unpublished) (reversing dismissal and ordering transfer under section 1406(a) when it appeared under the facts that *pro se* plaintiffs' bringing of suit in wrong district was "mistake that was easy to commit").

**D.** **Transfer should be made to the Northern District of Indiana.**

As noted above, Gray Television urges transfer of the case to the Western District of Louisiana. Mr. Philpot responds that, if venue is not proper here—as the court has now found—the case should be transferred to the Northern District of Indiana. Gray Television concedes that it maintains operations in the Northern District of Indiana (in South Bend), but nevertheless maintains that the Western District of Louisiana would be the "best and most convenient district to decide this case." (Dkt. 16 at p. 9)

The court rejects Gray Television's arguments for two reasons. First, its arguments are grounded in the wrong statutory basis, as explained above. The factors of section 1404(a), upon which Gray Television relies, come into play when venue in the original district is proper. Here, where venue is not proper, section 1406(a) applies, and the court considers that the purpose of transfer under section

1406(a) is to put the parties in the same position they would have been in had the plaintiff chosen a correct venue. And because a plaintiff is accorded some deference in choosing a forum, so long as venue is proper, it is appropriate to consider that deference in making a transfer under section 1406(a). Mr. Philpot has asserted that he would have filed the case in the Northern District of Indiana and that venue properly lies there under 28 U.S.C. § 1400(a). Gray Television has not refuted these assertions. Second, even if the court allowed section 1404(a) factors to inform its determination of transfer under section 1406(a), it is not convinced that the Western District of Louisiana is the most convenient forum and that transferring this case there best serves the interests of justice.

## Conclusion

The magistrate judge determines that venue in this district is not proper under 28 U.S.C. § 1400(a), that transfer rather than dismissal is appropriate under 28 U.S.C. § 1406(a), and that this case should be transferred to the Northern District of Indiana, South Bend Division.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

So ORDERED.

Date: February 20, 2015

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

Service via first-class U.S. Mail on:

LARRY G. PHILPOT
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236