## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LARRY G. PHILPOT, | ) |
| Plaintiff, | ) Case No. 3:15-cv-00145 JD-CAN |
| v. | ) |
| GRAY TELEVISION, INC., | ) Judge Jon E. DeGuilio |
| Defendant. | ) Magistrate Judge Christopher A. Nuechterlein |
| GRAY TELEVISION GROUP, INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| MULTIMEDIA GRAPHIC NETWORK, INC. d/b/a MGN Online, | ) |
| Third-Party Defendant. | ) |

## NOTICE OF MOTION

TO: ATTACHED SERVICE LIST

    PLEASE TAKE NOTICE that, on September 29, 2015, Gray Television Group, Inc. filed its Motion to Serve Third-Party Complaint and for Joinder of Multimedia Graphic Network, a copy of which is hereby served upon you. As set forth in Local Rule 7.1, any party in opposition to such motion has fourteen (14) days after service to file an objection.

                                                                                       GRAY TELEVISION GROUP, INC.

                                                                                   By:   /s/ Robert J. Labate
                                                                                             One of Its Attorneys

Michael P. O'Neil
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Tel: (317) 713-3500
Fax: (317) 713-3699

Charles D. Tobin
Richard A. Bixter, Jr.
Robert J. Labate
HOLLAND & KNIGHT LLP
131 S. Dearborn Street, 30th Floor
Chicago, Illinois 60603
Telephone: (312) 263-3600
Fax: (312) 578-6666

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **LARRY G. PHILPOT,** | ) | |
| | ) | Case No. 3:15-cv-00145 JD-CAN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GRAY TELEVISION, INC.,** | ) | **Judge Jon E. DeGuilio** |
| | ) | **Magistrate Judge Christopher A. Nuechterlein** |
| Defendant. | ) | |
| **GRAY TELEVISION GROUP, INC.,** | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| **MULTIMEDIA GRAPHIC NETWORK, INC. d/b/a MGN Online,** | ) | |
| Third-Party Defendant. | ) | |

**GRAY TELEVISION GROUP, INC.'S MOTION TO SERVE THIRD-PARTY COMPLAINT AND FOR JOINDER OF MULTIMEDIA GRAPHIC NETWORK, INC.**

NOW COMES Defendant Gray Television Group, Inc. ("Gray") and, pursuant to Federal Rules of Civil Procedure 14 and 20, files this Motion seeking authority to serve the attached third-party complaint upon Multimedia Graphic Network, Inc. ("MGN") and to join MGN as a party to this case, and respectfully states:

**BACKGROUND**

1. On December 2, 2014, Plaintiff Larry G. Philpot filed his Complaint [Dkt. No. 1], claiming copyright infringement under the United State Copyright Act, 17 U.S.C. § 101, *et seq.*,

in connection with a photograph of musical performer Willie Nelson ("Nelson Stamp") allegedly published by KALB-TV.

2. On April 13, 2015, Defendant Gray Television Group, Inc., the sole owner of KALB-TV, filed its Answer and Affirmative Defenses [Dkt. No. 32].

3. By way of its investigation of the allegations raised in Plaintiff's complaint, KALB-TV learned that it obtained a copy of the Nelson Stamp pursuant to a February 24, 2009 Service Agreement with MGN ("MGN Service Agreement").

4. Pursuant to the MGN Service Agreement, in exchange for a monthly fee, MGN provided photographs and graphic images to KALB-TV for use in connection with KALB-TV's television broadcasts and internet website postings.

5. Concurrent with the filing of this Motion, Gray has filed a third-party complaint against MGN asserting claims for indemnification and breach of the MGN Service Agreement ("Third-Party Complaint"). [Dkt. No. 47]

6. Gray seeks entry of an Order authorizing Gray to serve the Third-Party Complaint upon MGN and joining MGN as a defendant to this action.

## DISCUSSION

7. Federal policy favors joinder, and the district court has wide discretion when deciding whether joinder of parties is proper. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 519 (N.D. Ind. 2012). The joinder rules under the Federal Rules of Civil Procedure are to be liberally construed to promote convenience and judicial economy. *Id*.

8. Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a third party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed R. Civ. P. 14(a). The purpose behind impleader is to promote

judicial efficiency by eliminating the necessity for a defendant to bring a separate action against a third party who may be secondarily liable to the defendant for all or part of the original claim. The decision to allow a third-party complaint is left to the discretion of the trial court based on the timeliness of the motions and whether the third-party complaint will introduce unrelated issues to the litigation or unduly complicate the original suit. *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993).  *See, also, Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002).

9. No unfair prejudice exists because the Third-Party Complaint will allow the Plaintiff, as well as Defendant, to seek complete relief from the party responsible for the posting of the Nelson Stamp.  Further, failure to permit service of the Third-Party Complaint would leave Gray at the risk of inconsistent judgments if Gray is required to file a separate action against MGN. This Motion and the filing of the Third-Party Complaint are timely because the parties to this action are currently engaging in discovery, and Gray promptly filed this Motion after learning that it obtained the Nelson Stamp from MGN.

10. Joinder of MGN as a defendant to this action under Federal Rule of Civil Procedure 20 is also appropriate to resolve Gray's breach-of-contract claim against MGN and any claim which Plaintiff may have against MGN.

11. Federal Rule of Civil Procedure 20 states that persons may join in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). In short, to join persons as defendants in an action under Rule 20, there

must be both a right to relief arising out of the same transaction or occurrence and a question of law or fact common to all defendants.

12. When the requirements of Rule 20(a) are satisfied and joinder will not result in undue prejudice to a party, discretion is exercised in favor of joinder. *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1011 (7th Cir. 1988).

13. Joinder of MGN is appropriate because the all claims in this case arise in connection with the alleged posting of the Nelson Stamp by KALB-TV.  There are several questions of law or fact common to all claims in this case, including, but not limited to: whether Gray's posting of the Nelson Stamp was fair use under applicable copyright law; whether Plaintiff has a properly registered copyright of the Nelson Stamp; and whether MGN had been granted a license from Plaintiff to distribute the Nelson Stamp.

14. Accordingly, service of the Third-Party Complaint upon MGN is appropriate under the Federal Rules of Civil Procedure and will promote judicial economy.

WHEREFORE, Gray Television Group, Inc. respectfully requests that this Court enter an Order (a) authorizing Gray to serve MGN with the Third-Party Complaint against MGN filed in this case; (b) joining MGN as a defendant to this case and (c) for any other relief that this Court deems just and proper.

DATE:  September 29, 2015 Respectfully submitted,

GRAY TELEVISION GROUP, INC.

By:    /s/ Robert J. Labate
      One of Its Attorneys

Michael P. O'Neil
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Tel:  (317) 713-3500

4

Fax:  (317) 713-3699


Charles D. Tobin
Richard A. Bixter, Jr.
Robert J. Labate
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603
Telephone: (312) 263-3600
Fax:  (312) 578-6666

## CERTIFICATE OF SERVICE

     I, an attorney, certify under penalty of perjury that on September 29, 2015 a copy of the foregoing Gray Television Group, Inc.'s Motion to Serve Third-Party Complaint and for Joinder of Multimedia Graphic Network, Inc. was served upon all counsel of record consenting to service through this Court's CM/ECF system:

    **Jacob R Cox**
    Cox Law Office
    1606 N. Delaware Street
    Indianapolis, IN  46202

                                                            /s/ Richard A. Bixter, Jr.