# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LARRY G. PHILPOT, | ) |
|       Plaintiff, | ) Case No. 3:15-cv-00145 JD-CAN |
| v. | ) |
| GRAY TELEVISION, INC., | ) Judge Jon E. DeGuilio |
|       Defendant. | ) Magistrate Judge Christopher A. Nuechterlein |
| GRAY TELEVISION GROUP, INC., | ) |
|       Third-Party Plaintiff, | ) |
| v. | ) |
| MULTIMEDIA GRAPHIC NETWORK, INC. d/b/a MGN Online, | ) |
|       Third-Party Defendant. | ) |

## GRAY TELEVISION GROUP, INC.'S THIRD-PARTY COMPLAINT

NOW COMES Defendant Gray Television Group, Inc. ("**Gray**" or "**Third-Party Plaintiff**"), by and through its attorneys, Holland & Knight LLP, and hereby submits the following Third Party Complaint against Multimedia Graphic Network, Inc. d/b/a MGN Online ("**MGN**" or "**Third-Party Defendant**") and respectfully states:

### JURISDICTION AND VENUE

1. This Court has Supplemental Jurisdiction over Gray's claims against MGN under 28 U.S.C. § 1367 because this Court has original federal question jurisdiction over the copyright infringement action against Gray pursuant to 28 U.S.C. § 1338(a), and Gray's claims against MGN are so related to claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution.

2. This Court has personal jurisdiction over MGN by virtue of its entering into an agreement with Larry G. Philpot ("**Plaintiff**" or "**Philpot**") for license of the photograph which is the subject of Plaintiff's action against Gray and by virtue of MGN's transacting, doing, and soliciting business in this District.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Gray resides in this district because a substantial part of the events, or omissions giving rise to the claim occurred, and because MGN conducts business in this district.

## PARTIES

4. The Plaintiff, Philpot, is a photographer who works with concert events across the U.S., and resides in Indianapolis, Indiana.

5. Third-Party Plaintiff, Gray Television, Inc., has a principal place of business in Albany, Georgia, owns KALB-TV, which conducts business in Alexandria, Louisiana, and Gray conducts business in the Northern District of Indiana through WNDU-TV in South Bend.

## FACTS COMMON TO ALL COUNTS

6. On or about February 24, 2009, KALB-TV, as subscriber, entered into a service agreement with MGN, as provider (the "**MGN Service Agreement**") pursuant to which, for a monthly fee, MGN provided photographs and graphic images to KALB-TV for use in connection with KALB-TV's television broadcasts and internet website postings. A true and accurate copy of the MGN Online Service Agreement is attached hereto as **Exhibit A**.

7. Pursuant to the MGN Service Agreement and at all times relevant herein, KALB-TV was entitled to SD Full Service from MGN for the initial monthly rate of $275.00 per month.

8. The "SD Full Service" provided under the MGN Service Agreement, among other things, allowed KALB-TV to drag-and-drop photographs and graphic images posted in the MGN catalogue to KALB-TV's website and for use on KALB-TV programming.

9. In the MGN Service Agreement and in other communications, MGN represented to KALB-TV that MGN or its affiliates were the exclusive copyright owners of the photographs and graphic images provided to KALB-TV and that such photographs and graphic images could be used by KALB-TV in its television broadcasts and internet website postings free and clear of the claims of third parties.

10. Based on the MGN Service Agreement and the representations made by MGN, KALB-TV used MGN-supplied photographs and graphic images and, at all times relevant herein, MGN was the sole supplier of photographs and graphic images to KALB-TV, other than photographs and graphic images created and owned by KALB-TV.

11. The MGN Service Agreement, which renews automatically unless terminated by one of the parties, remained in full force and effect from the effective date of June 1, 2009 through and including 2015 (the "**Term**").

12. During the Term, KALB-TV fully performed all obligations required of it pursuant to the MGN Service Agreement.

13. In October 2012, and pursuant to the MGN Service Agreement, KALB-TV downloaded a stamp-sized photograph of Willie Nelson (the "**Nelson Stamp**") from MGN and allegedly used the Nelson Stamp in connection with a website news story ("**News Story**") regarding an upcoming Willie Nelson concert at the Rapides Parish Coliseum on November 30, 2012 (the "**Nelson Concert**"). See Exhibit D to Philpot's Complaint, Dkt. No. 1.

14. In December 2012, KALB-TV removed the News Story, together with the Nelson Stamp ("**News Story**"), from its website and transferred both to an archive maintained by a third-party provider, Gannaway Web Holdings, LLC d/b/a/ WorldNow ("**WorldNow Archive**").

15. No allegations have been made that KALB-TV made any other use of the Nelson Stamp other than posting on the KALB-TV website in connection with News Story.

16. On or about June 13, 2014, KALB-TV was purchased by and became part of Gray Television Group, Inc.

17. As the successor-in-interest to KALB-TV, Gray is a party to and direct beneficiary of the MGN Services Agreement, and Gray is entitled to rely on the MGN Services Agreement and the representations made by MGN to KALB-TV regarding the authority to use the Nelson Stamp.

18. During August 2014, Philpot sent communications to KALB-TV in which Philpot claimed to be the sole copyright owner of the Nelson Stamp. Philpot asserted that the posting of the Nelson Stamp on the KALB-TV website and in the WorldNow Archive constituted copyright infringement and Philpot demanded payment from KALB-TV.

19. Gray denied that use of the Nelson Stamp on the KALB-TV website in connection with the News Story and the posting in the WorldNow Archive violated Philpot's alleged ownership rights in the Nelson Stamp and further denies that any amount is due to Philpot.

20. On or about December 2, 2014, Philpot filed the above-captioned action in the United States District Court for the Southern District of Indiana and served a copy of the complaint on Gray's affiliate, Gray Television, Inc. Nonetheless, Gray accepted service and sought to transfer venue of the case.

21. By order dated March 30, 2015, the District Court for the Southern District of Indiana transferred this case to this Court.

**Count I – Breach of Contract**

22. Gray reasserts the allegations of paragraphs 6 through 21, inclusive, as though fully set forth in this paragraph 22.

23. The Nelson Stamp used by KALB-TV on its website and stored in the WorldNow Archive in connection with the News Story was provided to KALB-TV by MGN pursuant to the MGN Services Agreement.

24. MGN represented that MGN or its affiliates were the exclusive owners of the Nelson Stamp and that KALB-TV was able to use the Nelson Stamp on its website free and clear of the claims of third parties such as Philpot.

25. The MGN Services Agreement also authorized KALB-TV to store the Nelson Stamp on the WorldNow Archive without further payment to MGN free and clear of claims of any third party, such as Philpot.

26. Philpot now claims to be the sole owner of the Nelson Stamp and further alleges that MGN had no right or authority to license the Nelson Stamp to KALB-TV. In his complaint, Philpot alleges damages against Gray based on unlicensed use of the Nelson Stamp.

27. Gray denies Philpot's allegations that Gray's use of the Nelson Stamp was unlicensed and further asserts that the use of the Nelson Stamp is fair use pursuant to 17 U.S.C. § 107 as pled in Gray's Affirmative Defenses filed in this case.

28. If Philpot's allegations are proven true, MGN has materially violated its representations and obligations to KALB-TV and to Gray under the MGN Services Agreement.

5

29. As a direct and proximate result of MGN's breach of its obligations and representations to KALB-TV, described herein, Gray has been materially damaged and, in addition, has been required to defend itself from Philpot's allegations and claims against Gray and KALB-TV.

30. In light of the allegations set forth above, this Court should enter judgment in favor of Third-Party Plaintiff, Gray Television Group, Inc., against Multimedia Graphic Network, Inc. d/b/a MGN Online, award costs and fees to Gray Television Group, Inc., and grant such additional relief as the Court deems just and appropriate.

## Count II – Justifiable Reliance

31. Gray reasserts the allegations of paragraphs 6 through 21, inclusive, as though fully set forth in this paragraph 31.

32. The Nelson Stamp used by KALB-TV on its website and stored in the WorldNow Archive in connection with the News Story was provided to KALB-TV by MGN pursuant to the MGN Services Agreement.

33. MGN represented to KALB-TV that MGN or its affiliates were the exclusive owners of the Nelson Stamp and that KALB-TV was able to use the Nelson Stamp on its website free and clear of the claims of third parties such as Philpot.

34. The MGN Services Agreement also represented to KALB-TV that it would be able to store any MGN image, including the Nelson Stamp, in the WorldNow Archive without further payment to MGN free and clear of claims of any third party, such as Philpot.

35. KALB-TV was entitled to rely on the representations of MGN when using the Nelson Stamp in connection with the News Story and with storage of the Nelson Stamp and News Story in the WorldNow Archive.

36. KALB-TV did rely on the representations of MGN when it used the Nelson Stamp in connection with the News Story and stored the Nelson Stamp and News Story in the WorldNow Archive.

37. Based on the facts and circumstances, KALB-TV's reliance on the representations of MGN regarding KALB-TV's right to use the Nelson Stamp were justified and reasonable.

38. As successor in interest, Gray is entitled to assert the claims and defenses available to KALB-TV against MGN and others in connection with the posting of the Nelson Stamp.

39. Philpot now claims to be the sole owner of the Nelson Stamp and further alleges that MGN had no right or authority to license the Nelson Stamp to KALB-TV. In his complaint, Philpot alleges damages against Gray based on unlicensed use of the Nelson Stamp.

40. If Philpot's allegations are proven true, MGN has materially violated its representations to KALB-TV and to Gray upon which both KALB-TV and Gray were entitled to rely.

41. As a direct and proximate result of MGN's breach of its obligations and representations to KALB-TV, described herein, Gray has been materially damaged and, in addition, has been required to defend itself from Philpot's allegations and claims against Gray and KALB-TV.

42. In light of the allegations set forth above, this Court should enter judgment in favor of Third-Party Plaintiff, Gray Television Group, Inc., against Multimedia Graphic Network, Inc. d/b/a MGN Online; award costs and fees to Gray Television Group, Inc.; and grant such additional relief as the Court deems just and appropriate.

## Count III – Indemnity

43. Gray reasserts the allegations of paragraphs 6 through 20, inclusive, as though fully set forth in this paragraph 43.

44. As a result of the above-captioned case filed against Gray by Philpot, Gray is incurring and has incurred attorney's fees, court costs, and other costs in connection with defending the claims asserted by Philpot, the exact nature and amount of which are unknown at this time.

45. When such fees and costs have been determined, Gray will seek leave of Court to amend this Count III claim against MGN to set forth the true nature and amount of such costs, fees and expenses.

46. Gray asserts that it is in no way responsible to Philpot and that Gray is not liable for the damages sought by Philpot in his complaint.

47. However, if Gray is held liable or responsible to Philpot for damages, such liability will be the direct and proximate result of the actions and failures to act of MGN.

48. In such case, Gray is entitled to complete indemnification by MGN for any amount or amounts for which Gray may be adjudicated to pay to Philpot, with costs of defense and reasonable attorney's fees incurred in connection therewith.

49. In light of the allegations set forth above, this Court should enter judgment in favor of Third-Party Plaintiff, Gray Television Group, Inc., against Multimedia Graphic Network, Inc. d/b/a MGN Online, award costs and fees to Gray Television Group, Inc., and grant such additional relief as the Court deems just and appropriate.

**Count IV – Contribution**

50. Gray reasserts the allegations of paragraphs 6 through 20, inclusive, as though fully set forth in this paragraph 50.

51. Gray asserts that it is in no way responsible to Philpot and that Gray is not liable for the damage sought by Philpot in his complaint.

52. However, if Gray is held liable or responsible to Philpot for damages, such liability will be the direct and proximate result of the actions and failures to act of MGN.

53. In such case, Gray requests that this Court determine the percentage of liability attributable to MGN, by way of contribution, for any amount or amounts for which Gray may be adjudicated to pay to Philpot, with costs of defense and reasonable attorney's fees incurred in connection therewith.

54. In light of the allegations set forth above, Gray Television Group, Inc. requests that this Court should enter judgment in favor of Third-Party Plaintiff, Gray Television Group, Inc., against Multimedia Graphic Network, Inc. d/b/a MGN Online for: (a) a declaration of MGN's rights and duties to Gray; (b) damages suffered by Gray; (c) an order declaring the percentage of fault, if any, between Gray and MGN, and each of them, for damages and losses allegedly caused to Philpot; (d) attorney's fees, court costs, and other expenses incurred in the defense of this case; and (e) any such additional relief as the Court deems just and appropriate.

DATE:   September 29, 2015                    Respectfully submitted,

                                                        GRAY TELEVISION GROUP, INC.

                                                        By:     /s/ Robert J. Labate
                                                                One of Its Attorneys

Michael P. O'Neil
Taft Stettinius & Hollister LLP

One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Tel:  (317) 713-3500
Fax:  (317) 713-3699

Charles D. Tobin
Richard A. Bixter, Jr.
Robert J. Labate
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois  60603
Telephone:  (312) 263-3600
Fax:  (312) 578-6666